PER CURIAM.
 

 This action by the United States to reduce tax assessments against appellant to judgment is not barred by the statute of limitations. The United States has six years from the date of assessment to collect taxes owed it. 26 U.S.C. § 6502(a) (1976). The running of the limitations period is suspended while the taxpayer’s assets are in the custody or control of a court and for six months thereafter. 26 U.S.C. § 6503(b). A bankruptcy court has custody of the taxpayer’s assets for the purposes of section 6503(b) from the beginning of the bankruptcy proceedings until six months after the first creditors’ meeting.
 
 McAuley v. United States,
 
 525 F.2d 1108 (9th Cir.1975);
 
 United States v. Turner,
 
 625 F.2d 328 (9th Cir.1980). A bankruptcy proceeding begins with the filing of a petition for bankruptcy.
 
 See
 
 D. Cowans,
 
 Bankruptcy Law and Practice
 
 64 (interim ed. 1980).
 

 The district court properly rejected appellant’s contention that the limitations period does not begin to run until the first meeting of creditors. The passing comment in
 
 Turner
 
 that “taxpayers’ bankruptcy had the effect of suspending the running of the six-year statute of limitations period for one year,” 625 F.2d at 329, overlooked the time lag between the filing of the petition and the first meeting of creditors, and is not to be read as excluding this interval from the period during which the running of the statute of limitations is suspended by section 6503(b).
 

 In short, if taxpayer files a bankruptcy petition, the six-year limitations period provided by Section 6502(a) is suspended from the date the bankruptcy petition is filed to a date one year after the date of the first meeting of creditors.
 

 AFFIRMED.