129 T.C. No. 17

UNITED STATES TAX COURT

MICHAEL V. SEVERO AND GEORGINA C. SEVERO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6346-06L.          Filed November 15, 2007.

With the late filing of their 1990 joint Federal
income tax return, petitioners failed to pay most of
the $63,499 taxes reported due.  In 1994, petitioners
filed a bankruptcy petition.  In 1998, petitioners
received a bankruptcy discharge order.

In 2004, respondent levied against petitioners'
$196 California income tax refund and notified
petitioners of their appeal rights with regard thereto.
Petitioners did not file an appeal.

In 2005, respondent mailed to petitioners a notice
of Federal tax lien filing (NFTL) and a notice of
intent to make a second levy.

Petitioners requested an Appeals Office collection
hearing relating both to respondent's NFTL and to
respondent's notice of intent to make a second levy in
which petitioners claimed that the 1998 bankruptcy
discharge order and the expiration of the collection

period of limitations precluded respondent from collecting petitioners' outstanding 1990 Federal income taxes. After a hearing was held, respondent mailed to petitioners an adverse notice of determination relating to the NFTL and an adverse decision letter relating to the notice of intent to make a second levy.

Held: We have no jurisdiction over respondent's decision letter relating to respondent's notice of intent to make a second levy, and the Court will dismiss sua sponte all issues relating thereto. Kennedy v. Commissioner, 116 T.C. 255, 261-262 (2001).

Held, further, under 11 U.S.C. sec. 523(a)(1)(A) (1994), petitioners' outstanding 1990 Federal income taxes were not discharged by the 1998 bankruptcy discharge order.

Held, further, with regard to the facts involved in this case, sec. 6503(h), I.R.C., not sec. 6503(b), I.R.C., controls and suspends the running of the collection period of limitations from the date petitioners' bankruptcy petition was filed to a date 6 months after the bankruptcy court issued its order of discharge. Accordingly, the period of limitations for collecting petitioners' outstanding 1990 Federal income taxes had not expired at the time petitioners requested an Appeals Office hearing. Richmond v. United States, 172 F.3d 1099 (9th Cir. 1999), followed.

Michael V. Severo, for petitioners.

Gavin L. Greene, for respondent.

OPINION

SWIFT, Judge: This matter is before us in this collection action under Rule 121 on the parties' cross-motions for summary judgment as to both respondent's notice of Federal tax lien filing (NFTL) and respondent's notice of intent to make a second levy.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision on the parties' cross-motions for summary judgment, relating solely to respondent's 2005 NFTL, are whether petitioners' outstanding 1990 Federal income taxes were discharged in a bankruptcy proceeding and, if not, whether the period of limitations relating to the collection of petitioners' outstanding 1990 Federal income taxes had expired at the time petitioners requested their Appeals Office collection hearing.

## Background

At the time the petition was filed, petitioners resided in Arcadia, California.

With the late filing on October 18, 1991, of petitioners' 1990 joint Federal income tax return, which after extensions was due to be filed with respondent on October 15, 1991, petitioners did not pay most of the $63,499 taxes reported due thereon.[1]

---

[1] Petitioners requested two extensions to file their 1990 joint Federal income tax return and submitted with their first extension request a payment in the approximate amount of $5,000. The parties have stipulated that respondent granted petitioners' requested extensions and that petitioners' 1990 Federal income tax return, after extensions, was due to be filed on Oct. 15, 1991. Although sec. 7502 treats timely mailed tax returns meeting certain requirements as timely filed, the parties have stipulated that petitioners' 1990 Federal income tax return was late filed with respondent on Oct. 18, 1991.

On November 18, 1991, respondent assessed against petitioners for 1990 the $63,499 that petitioners reported due on their 1990 Federal income tax return, plus penalties of $4,180 for failure to pay estimated tax and $2,339 for failure to pay tax.

On September 28, 1994, within 3 years of the date on which petitioners' 1990 Federal income tax return was due (including extensions that had been granted) but more than 2 years after petitioners actually filed their 1990 Federal income tax return, petitioners filed a chapter 11 bankruptcy petition, which the bankruptcy court later converted to a chapter 7 bankruptcy proceeding. At the time petitioners filed their bankruptcy petition, because respondent had not yet filed an NFTL, petitioners' outstanding 1990 Federal income taxes represented unsecured debt of petitioners owed to respondent. Sec. 6323.

On November 9, 1995, in petitioners' chapter 7 bankruptcy proceeding the first creditors' meeting was held, and on March 17, 1998, a bankruptcy court order was issued discharging petitioners of certain unspecified debts.

On November 29, 2004, respondent levied against and received petitioners' $196 claimed 2003 California income tax refund, mailed to petitioners notice thereof, and applied the $196 received against petitioners' outstanding 1990 Federal income taxes. Respondent's levy notice explained petitioners' right to

request an Appeals Office collection hearing relating to the levy on petitioners' California income tax refund, but petitioners did not request a hearing.

Over the years, petitioners apparently made substantial payments on their 1990 Federal income taxes, but petitioners' payments have not fully satisfied petitioners' 1990 Federal income taxes.[2]

On September 7, 2005, respondent mailed to petitioners a notice of intent to make a second levy on petitioners' property relating to petitioners' outstanding 1990 Federal income taxes, and on September 8, 2005, respondent mailed to petitioners an NFTL. Respondent's notice of intent to make a second levy on petitioners' property did not give petitioners another right to request an Appeals Office collection hearing relating to respondent's second levy. Respondent's NFTL explained petitioners' right to request an Appeals Office collection hearing relating to the tax lien filing.

On or about September 15, 2005, petitioners requested an Appeals Office hearing relating both to respondent's September 7, 2005, second levy notice and to respondent's September 8, 2005, NFTL.

---

[2] The record herein does not indicate the exact amount still outstanding on petitioners' 1990 Federal income taxes.

Respondent granted petitioners a section 6320 Appeals Office hearing relating to the NFTL. Because, however, petitioners in November of 2004 already had had an opportunity to request an Appeals Office collection hearing relating to respondent's 2004 levy on petitioners' California income tax refund, respondent granted to petitioners only an equivalent hearing relating to respondent's September 7, 2005, second levy notice.

On March 3, 2006, respondent's Appeals Office mailed to petitioners a decision letter sustaining respondent's September 7, 2005, levy notice and a notice of determination sustaining respondent's September 8, 2005, NFTL.

## Discussion

Generally, no appeal to this Court lies with regard to respondent's decision letters relating to equivalent hearings. Rule 330; Kennedy v. Commissioner, 116 T.C. 255, 261-262 (2001); sec. 301.6330-1(i)(2), Q&A-I5, Proced. & Admin. Regs. The Court will dismiss sua sponte for lack of jurisdiction all issues herein relating to the Appeals Office equivalent hearing that was held and to respondent's decision letter relating to respondent's September 7, 2005, levy notice. Orum v. Commissioner, 123 T.C. 1, 10-12 (2004), affd. 412 F.3d 819 (7th Cir. 2005).

We decide respondent's and petitioners' cross-motions for summary judgment only as they relate to respondent's September 8, 2005, NFTL.

When no material fact remains at issue, we may grant summary judgment as a matter of law.  Rule 121(b); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).  The parties dispute no material facts.

Bankruptcy Discharge

We have jurisdiction to decide whether petitioners' 1990 Federal income taxes were discharged in bankruptcy.  Washington v. Commissioner, 120 T.C. 114, 119-121 (2003).

The filing of a bankruptcy petition creates an entity referred to as the bankruptcy estate, which generally includes legal and equitable property interests and assets that are owned by a debtor in bankruptcy at the time a bankruptcy petition is filed.  11 U.S.C. sec. 541(a) (1994).[3]

In a chapter 7 bankruptcy proceeding, property included in a bankruptcy estate generally will be liquidated to pay creditors of the debtor in bankruptcy.  However, not all property or assets included in a bankruptcy estate may be available for liquidation to satisfy creditors' claims.  A debtor in bankruptcy may be

---

[3] Generally, because petitioners filed their bankruptcy petition on Sept. 28, 1994, references herein to provisions of the Bankruptcy Code relate to the Bankruptcy Code prior to the effective date of amendments made thereto by the Bankruptcy Reform Act of 1994, Pub. L. 103–394, 108 Stat. 4106, that were effective for bankruptcies filed on and after Oct. 22, 1994.  Id. sec. 702(b), 108 Stat. 4150.

allowed to retain certain exempt property (i.e., property exempt from creditors' claims).  Bankruptcy Code sec. 522.

Property owned by a debtor in bankruptcy prior to filing a bankruptcy petition is referred to as a prepetition asset. Property acquired by a debtor in bankruptcy after filing a bankruptcy petition is referred to as a postpetition asset. Generally, postpetition assets are not part of a bankruptcy estate.  Everett v. Judson, 228 U.S. 474, 478-479 (1913).

In a chapter 7 bankruptcy proceeding, generally a debtor in bankruptcy is ordered to meet with creditors.  Bankruptcy Code sec. 341; Fed. R. Bankr. P. 2003.  In this meeting, creditors have an opportunity to request from the debtor in bankruptcy information regarding the property of the debtor in bankruptcy. Bankruptcy Code sec. 343; Fed. R. Bankr. P. 2003(b)(1).  Although this meeting frequently is referred to as the first creditors' meeting, in a chapter 7 bankruptcy proceeding it often will be the only creditors' meeting.

Creditors who wish to object to the discharge of a debtor in bankruptcy from particular debts generally must file an objection with the bankruptcy court no later than 60 days after the first creditors' meeting.  Fed. R. Bankr. P. 4007(c).  Generally, absent objection from creditors, the bankruptcy court will issue to a chapter 7 debtor in bankruptcy a discharge order soon after

expiration of the 60-day period for objection.  Fed. R. Bankr. P. 4004(c)(1).

Under Bankruptcy Code section 523(a), not all debts may be discharged, and often a discharge order of the bankruptcy court will not state which particular debts are discharged and which are not discharged (see Bankruptcy Official Form 18, Discharge of Debtor).  Generally, however, if a discharge order is issued by the bankruptcy court in a chapter 7 bankruptcy proceeding, a debt will be discharged unless it is excepted from discharge.[4]

Herein, the March 17, 1998, bankruptcy court discharge order issued in petitioners' favor did not state which of petitioners' debts were to be treated as discharged and which of petitioners' debts were to be treated as excepted from discharge.

Whether a liability of a debtor in bankruptcy to pay Federal income taxes is discharged by a chapter 7 bankruptcy court discharge order does not depend on whether the particular discharge order expressly states that the tax liability is discharged, but rather depends on whether the particular Federal income taxes owed to respondent are to be excepted from discharge

---

[4] In 11 U.S.C. (Bankruptcy Code) secs. 522 and 523, "excepted" and "exempt" are used as terms of art.  Generally, "excepted" refers to debts of the debtor in bankruptcy that are subject to creditor claims and not discharged under the provisions of the Bankruptcy Code, whereas "exempt" refers to property included in the bankruptcy estate but not subject to creditors' claims.

under the provisions of the Bankruptcy Code.  See Bankruptcy Code

sec. 727(b); <u>Woods v. Commissioner</u>, T.C. Memo. 2006-38.

Generally, under Bankruptcy Code section 523(a)(1)(A) tax

liabilities of a debtor in bankruptcy that qualify as priority

claims under Bankruptcy Code section 507(a)(7) will be excepted

from discharge and will remain liabilities of the debtor in

bankruptcy after the bankruptcy proceeding is concluded.

Bankruptcy Code section 523(a)(1)(A) provides as follows:

> § 523.  Exceptions to discharge.
>
>     (a) A discharge under section 727 * * * of this
> title does not discharge an individual debtor from any
> debt--
>
>     (1) for a tax * * *
>
>     (A) of the kind and for the periods specified in
> section * * * 507(a)(7) of this title, whether or not a
> claim for such tax was filed or allowed * * *

Under the cross-referenced Bankruptcy Code section

507(a)(7)(A)(i), Federal income taxes are to be treated as

priority claims (and therefore under Bankruptcy Code section

523(a)(1)(A) as excepted from discharge) where they relate to a

tax year of a debtor in bankruptcy which ended on or before the

date the related bankruptcy petition was filed and where the

Federal income tax return for the year was due to be filed with

respondent, with extensions, within the 3-year lookback period

immediately before the filing of the bankruptcy petition.

Bankruptcy Code section 507(a)(7)(A)(i) provides as follows:

§ 507.  Priorities.

     (a) The following expenses and claims have
priority in the following order:

          *     *     *     *     *     *     *

     (7) Seventh, allowed unsecured claims of governmental
units, only to the extent that such claims are for--

     (A) a tax on or measured by income or gross
receipts--

     (i) for a taxable year ending on or before the
date of the filing of the petition for which a return,
if required, is last due, including extensions, after
three years before the date of the filing of the
petition * * *

Because petitioners' 1990 tax year ended on December 31,

1990--before petitioners filed their bankruptcy petition on

September 28, 1994--and because petitioners' 1990 joint Federal

income tax return was due to be filed on October 15, 1991--within

the 3-year lookback period before the date on which petitioners'

bankruptcy petition was filed (i.e., October 15, 1991, to

September 28, 1994, is less than 3 years)--petitioners'

outstanding 1990 Federal income taxes qualify under Bankruptcy

Code section 507(a)(7)(A)(i) as a priority claim in favor of

respondent.[5]

---

[5] Bankruptcy Code sec. 507(a)(7)(A) applies to unsecured
claims of creditors.  At the time petitioners filed their
bankruptcy petition, respondent's Federal income tax lien (NFTL)
(continued...)

Accordingly, under Bankruptcy Code section 523(a)(1)(A), petitioners' outstanding 1990 Federal income taxes were excepted from discharge (i.e., were not discharged) by the March 17, 1998, bankruptcy court discharge order that was issued in favor of petitioners.  In re Smith, 109 Bankr. 243, 245 (Bankr. W.D. Ky. 1989), affd. 114 Bankr. 473 (W.D. Ky. 1989); cf. Young v. United States, 535 U.S. 43, 49 (2002) (involving a different question concerning the relationship between a chapter 13 bankruptcy proceeding and a subsequent chapter 7 bankruptcy proceeding and holding that the 3-year lookback period of Bankruptcy Code section 507(a)(7)(A)(i) was tolled during the chapter 13 proceeding); Richardson v. Commissioner, T.C. Memo. 2003-154 (following Young v. United States, supra).

Petitioners mistakenly rely on In re Doss, 42 Bankr. 749 (Bankr. E.D. Ark. 1984), and petitioners argue that certain limitations applicable to a different exception to discharge (relating to late-filed returns filed with respondent within a 2-year lookback period before the bankruptcy petition was filed) are applicable and that thereunder we should treat petitioners' 1990 Federal income taxes as not excepted from discharge.  See Bankruptcy Code sec. 523(a)(1)(B)(ii).

---

[5](...continued)
relating to petitioners' outstanding 1990 Federal income taxes had not yet been filed, and petitioners' liability therefor constituted an unsecured debt owed to respondent.

In In re Doss, however, involving several years, the bankruptcy court treated as excepted from discharge (i.e., as not discharged) under Bankruptcy Code section 523(a)(1)(A) a year factually similar to petitioners' 1990 Federal income taxes (i.e., a year for which the return was due within the 3-year lookback period before the bankruptcy petition was filed). In re Doss, supra at 754. The bankruptcy court's treatment in In re Doss of other years factually not similar to petitioners' 1990 Federal income taxes as not excepted from discharge (i.e., as discharged) is inapposite to petitioners' 1990 Federal income taxes herein.[6]

Thus, contrary to petitioners' argument, with regard to petitioners' 1990 Federal income taxes, In re Doss explicitly supports our conclusion herein that petitioners' 1990 Federal income taxes were excepted from discharge.

Petitioners argue that a debtor in bankruptcy may avoid the exception from discharge under Bankruptcy Code section 523(a)(1)(A) as well as the exception from discharge under Bankruptcy Code section 523(a)(1)(B)(ii) simply by filing a

_____

[6] We note that the bankruptcy court's holding in In re Doss, 42 Bankr. 749 (Bankr. E.D. Ark. 1984), with regard to other years factually not similar to petitioners' 1990 tax year, has been criticized by the U.S. Court of Appeals for the Ninth Circuit and other courts. See, e.g., Vitaliano v. Cal. Franchise Tax Bd., 178 Bankr. 205, 208-209 (B.A.P. 9th Cir. 1995); In re Daniel v. United States, 170 Bankr. 466, 469-471 (Bankr. S.D. Ga. 1994); Crist v. United States, 85 Bankr. 807, 812 (Bankr. N.D. Iowa 1988).

Federal income tax return late and not within the 2-year lookback period before the bankruptcy petition is filed. However, where the Federal income tax return in question was due within the 3-year lookback period before the bankruptcy was filed, the tax for the year clearly qualifies under Bankruptcy Code section 507(a)(7)(A)(i) as a priority claim and correspondingly clearly qualifies under Bankruptcy Code section 523(a)(1)(A) for exception from discharge.

Petitioners in effect argue that Bankruptcy Code section 523(a)(1)(B)(ii) sets forth a narrower exception from discharge than the exception set forth in Bankruptcy Code section 523(a)(1)(A). Petitioners fail to understand that the statutory provisions for exception from discharge set forth in Bankruptcy Code section 523(a)(1) are set forth in the disjunctive and delineate increasingly broader exceptions from discharge for increasingly more egregious taxpayer behavior.[7]

---

[7] Bankruptcy Code sec. 523(a)(1) sets forth four different, disjunctive provisions for exception from discharge, any one of which will disqualify taxes from bankruptcy discharge, as follows: (1) Taxes for which a return was due within a 3-year period lookback before the date the bankruptcy petition was filed, Bankruptcy Code sec. 523(a)(1)(A), cross-referencing Bankruptcy Code sec. 507(a)(7); (2) taxes for which a return generally was due earlier than the 3-year lookback period before the date the bankruptcy petition was filed but for which a return was filed late and within a 2-year lookback period before the bankruptcy petition was filed, Bankruptcy Code sec. 523(a)(1)(B)(ii); (3) taxes for which a return was never filed, Bankruptcy Code sec. 523(a)(1)(B)(i); or (4) taxes for which a fraudulent return was filed or with respect to which a debtor in

(continued...)

We reiterate our conclusion that, under Bankruptcy Code section 523(a)(1)(A), petitioners' 1990 Federal income taxes herein were excepted from discharge (i.e., were not discharged).

Collection Period of Limitations

In petitioners' Appeals Office hearing and before us, petitioners claim that the collection period of limitations expired before respondent's 2005 NFTL was mailed to them and therefore that respondent's NFTL was unenforceable and should be withdrawn and the underlying tax lien should be released. See secs. 6322, 6325, and 6326.

Respondent does not argue that we should treat the collection period of limitations issue petitioners raise as a challenge to the underlying tax liability and as an issue precluded under section 6330(c)(2)(B).[8] Rather, respondent addresses substantively and extensively petitioners' period of limitations claim and asks us to decide this issue on the merits.

Generally, the period of limitations for collection of assessed Federal income taxes begins on the date taxes are assessed and ends 10 years thereafter. Sec. 6502(a)(1).

However, under Bankruptcy Code section 362(a), the filing of a bankruptcy petition creates a temporary injunction against

---

[7](...continued)
bankruptcy willfully attempted to evade or defeat tax, Bankruptcy Code sec. 523(a)(1)(C).

[8] See Boyd v. Commissioner, 117 T.C. 127, 130 (2001).

collection by third parties (including respondent) of most types of claims that arose before the commencement of the bankruptcy proceeding (including Federal income taxes) against a debtor in bankruptcy. This temporary injunction against collection is commonly referred to as the automatic stay.

Under Bankruptcy Code section 362(c)(1), the automatic stay remains in effect with regard to in rem actions against property of a debtor in bankruptcy until the property is no longer part of a bankruptcy estate.

Also, under Bankruptcy Code section 362(c)(2), the automatic stay remains in effect and prevents other collection efforts against a debtor in bankruptcy until the related bankruptcy proceeding is closed, dismissed, or until a discharge order is issued or denied. In its discretion, a bankruptcy court may grant to creditors earlier relief from the automatic stay. Bankruptcy Code sec. 362(d).

Accordingly, because of the above automatic stay provided by the Bankruptcy Code, under subsections (b) and (h) of section 6503 the 10-year collection period of limitations relating to Federal taxes owed by a debtor in bankruptcy is suspended generally during part or all of a bankruptcy proceeding.[9]

---

[9] The collection period of limitations also is suspended while an Appeals Office collection hearing and related litigation such as that involved in the instant action are pending. Secs. 6320(c), 6330(e).

Section 6503(b) provides that the collection period of limitations is suspended for the period of time in which a taxpayer's assets are in the custody or control of <u>any</u> <u>court</u> plus an additional 6 months.  Section 6503(b) provides as follows:

SEC. 6503.   SUSPENSION OF RUNNING OF PERIOD OF
             LIMITATION.

(b) Assets of Taxpayer in Control or Custody of Court.--The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.

In <u>McAuley v. United States</u>, 525 F.2d 1108, 1114 (9th Cir. 1975), the U.S. Court of Appeals for the Ninth Circuit interpreted the above language (i.e., to have "assets * * * in the control or custody of" a court) and held that under section 6503(b) the 10-year Federal income tax collection period of limitations is suspended from the date a bankruptcy petition is filed only until 6 months after the first creditors' meeting and for an additional 6 months.  See also <u>United States v. Breshears</u>, 698 F.2d 394 (9th Cir. 1983).[10]

---

[10]  We note that other United States Courts of Appeals and District Courts have construed sec. 6503(b) differently from the opinion of the U.S. Court of Appeals for the Ninth Circuit in <u>McAuley v. United States</u>, 525 F.2d 1108 (9th Cir. 1975), and <u>United States v. Breshears</u>, 698 F.2d 394 (9th Cir. 1983).  See <u>United States v. Verlinsky</u>, 459 F.2d 1085, 1088 (5th Cir. 1972)

(continued...)

Applying the above McAuley interpretation of section 6503(b) to petitioners' outstanding 1990 Federal income taxes, as petitioners herein request us to do, the collection period of limitations relating to petitioners' outstanding 1990 Federal income taxes was suspended for approximately 3 years--from the date petitioners filed their bankruptcy petition on September 28, 1994, to a date 1 year after the November 9, 1995, first creditors' meeting, or until November 9, 1996.  In other words, the automatic stay under Bankruptcy Code sec. 362(a) would end 6 months after the November 9, 1995, first creditors' meeting was held, and the section 6503(b) suspension on the collection period of limitations would end 6 months thereafter.  Thus, under the McAuley interpretation of section 6503(b), petitioners' outstanding 1990 Federal income taxes would be uncollectible (i.e., the 10-year collection period of limitations would have expired long before respondent's 2005 NFTL and petitioners' subsequent request for an Appeals Office collection hearing).

However, section 6503(h)(2) provides more specifically that the 10-year collection period of limitations on Federal income

_____

[10](...continued)
(under sec. 6503(b) assets were deemed to be in control of the bankruptcy court until the date of discharge); United States v. Levasseur, 45 AFTR 2d 80-1507, 1512-1513, 80-1 USTC par. 9349 (D. Vt. 1980) (under sec. 6503(b) assets were deemed to be in control of the bankruptcy court until the date of discharge); United States v. Malkin, 317 F. Supp. 612, 616-617 (E.D.N.Y. 1970) (under sec. 6503(b) assets were deemed to be in control of the bankruptcy court until the bankruptcy proceeding is closed).

taxes also is suspended for the period of time that respondent is prevented from collecting taxes by reason of a pending <u>bankruptcy proceeding</u>, plus 6 months.

Section 6503(h) provides as follows:

> SEC. 6503.  SUSPENSION OF RUNNING OF PERIOD
>           OF LIMITATION.
>
>         *     *     *     *     *     *     *
>
>       (h) Cases Under Title 11 of the United States Code.--
>
> The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code [referring to a court action, including a Chapter 7 bankruptcy proceeding, brought under the Bankruptcy Code], be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and--
>
>             (1) for assessment, for 60 days thereafter, and
>
>             (2) for collection, 6 months thereafter.

The Court of Appeals in <u>Richmond v. United States</u>, 172 F.3d 1099, 1103 (9th Cir. 1999), stated that under Bankruptcy Code section 362(c)(2) the automatic stay in a chapter 7 bankruptcy proceeding generally will not end until the issuance by the bankruptcy court of a discharge order and therefore that the suspension of the collection period of limitations under section

6503(h) will not end until issuance by the bankruptcy court of a discharge order, plus an additional 6 months.[11]

Applying section 6503(h)(2) to petitioners' 1990 Federal income taxes, the collection period of limitations relating to petitioners' 1990 Federal income taxes was suspended for approximately 4 years--from the date that petitioners filed their bankruptcy petition on September 28, 1994, to approximately March 17, 1998 (the date the bankruptcy court's discharge order was issued), plus an additional 6 months, or until approximately September 17, 1998. As of September 17, 1998, the collection period of limitations applicable to petitioners' 1990 Federal income taxes would have had more than 7 years left to run and would not have expired until after October 2005.

Thus, under section 6503(h)(2), the collection period of limitations relating to petitioners' 1990 Federal income taxes would not have expired before respondent's September 7, 2005, NFTL and before petitioners on September 15, 2005, filed their request for an Appeals Office collection hearing.[12]

---

[11] Richmond v. United States, 172 F.3d 1099 (9th Cir. 1999), involved the immediate predecessor to sec. 6503(h) (namely, sec. 6503(i)), which contained language identical to the current version of sec. 6503(h)).

[12] The 10-year (or 3,652 day) collection period of limitations began to run for petitioners' 1990 Federal income taxes on the date of respondent's assessment--Nov. 18, 1991. From Nov. 18, 1991, to Sept. 28, 1994 (the date petitioners' bankruptcy petition was filed), represents 1,046 days. Thus, after petitioners filed their bankruptcy petition, 2,604 days

(continued...)

However, in <u>McAuley v. United States</u>, 525 F.2d at 1114, the U.S Court of Appeals for the Ninth Circuit also held that where section 6503(b) and a predecessor of subsection (h) both may apply, subsection (b) controls and therefore that the collection period of limitations will be suspended from the date a bankruptcy petition was filed until 6 months after the first creditors' meeting and for an additional 6 months. <u>McAuley v. United States</u>, <u>supra</u>.[13]

In <u>McAuley</u>, the Court of Appeals specifically rejected the Government's argument that the collection period of limitations

_____

[12](...continued)
remained on the collection period of limitations (3,652 less 1046 equals 2,606). The collection period of limitations was then suspended until at least Sept. 17, 1998 (i.e., until the Mar. 17, 1998, date of discharge plus an additional 6 months). From Sept. 17, 1998, to Sept. 8, 2005, represents 2,547 days. Thus, after respondent's Sept. 8, 2005, NFTL filing the 10-year collection period of limitations applicable to petitioners' 1990 Federal income taxes still had approximately 59 days to run (2,606 less 2,547 equals 59). The collection period of limitations then ran for an additional 7 days until Sept. 15, 2005, when petitioners requested their Appeals Office collection hearing. The 10-year collection period of limitations has remained suspended ever since Sept. 15, 2005, and, once this action is final, will have approximately 52 days remaining (59 less 7 equals 52) plus another 90 days, see secs. 6320(c) and 6330(e)(1), before it expires.

[13] <u>McAuley v. United States</u>, 525 F.2d 1108 (9th Cir. 1975), construed an earlier version of sec. 6503(i), the predecessor to sec. 6503(h). Sec. 6503(i) was in effect for bankruptcies commenced prior to Oct. 1, 1979. Bankruptcy Tax Act of 1980, Pub. L. 96-589, secs. 6(a), 7(e), 94 Stat. 3389, 3407-3412. On Dec. 24, 1980, Congress amended sec. 6503(i) so that the language of sec. 6503(i) became substantially identical to current sec. 6503(h). See also Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11801(c)(20)A), 104 Stat. 1388, 1388-528.

would be suspended from a bankruptcy petition filing date until close of the bankruptcy proceeding, stating that "such a rule is capable of staying the period of limitations for unjustifiably long periods."  McAuley v. United States, supra at 1112.

Although McAuley has not been overruled, language of former section 6503(i) that the Court of Appeals in McAuley relied on does not appear in the current version of section 6503(h)(2).[14]

As indicated supra pp. 19-20, more recently the Court of Appeals, without mentioning McAuley, has acknowledged generally

---

[14] The language of sec. 6503(i) relied on by the U.S. Court of Appeals for the Ninth Circuit in McAuley v. United States, 525 F.2d at 1112, did not provide its own independent suspension of the collection period of limitations.  Rather, former sec. 6503(i)(2) cross-referenced other Code sections.  The language of sec. 6503(i)(2) that was construed in McAuley provided as follows:

> SEC. 6503.   SUSPENSION OF RUNNING OF PERIOD
>              OF LIMITATION.
>
> (i) Cross References.--
>
> For suspension in case of--
>
>   *    *    *    *    *    *    *
>
>      (2) Bankruptcy and receiverships,
> see subch. B of ch. 70. [Subch. B of ch.
> 70 comprised secs. 6871, 6872, and
> 6873.]

As the above language indicates, sec. 6503(i), as applicable in McAuley, incorporated sec. 6503(b) only via a circuitous reference, cross-referencing secs. 6871, 6872, and 6873.  Sec. 6873(b)(1) in turn referenced sec. 6503(b) for the period during which the running of the collection period of limitations was suspended.

that the period of limitations on collection of taxes is suspended under section 6503(h) from a bankruptcy petition filing date until 6 months after the end of the automatic stay. Richmond v. United States, 172 F.3d at 1102; see also Wekell v. United States, 14 F.3d 32, 33 (9th Cir. 1994); West v. United States, 5 F.3d 423, 425 n.2 (9th Cir. 1993).

We previously have not expressly decided whether section 6503(b) or section 6503(h)(2) controls the suspension of the running of the collection period of limitations in a bankruptcy proceeding. However, we repeatedly have applied section 6503(h) without any limitation thereon imposed by section 6503(b). See Ogonoski v. Commissioner, T.C. Memo. 2004-52, n.6; Smith v. Commissioner, T.C. Memo. 2003-205; Estate of Johnson v. Commissioner, T.C. Memo. 1999-284, n.7; Provost v. Commissioner, T.C. Memo. 1999-178 (each stating that the collection period of limitations was suspended per section 6503(h)).

Because section 6503(b) refers only generally to a court proceeding and because section 6503(h)(2) refers specifically to a bankruptcy proceeding, we conclude that section 6503(h)(2) is applicable to a situation involving bankruptcy and is not limited by section 6503(b).[15]

---

[15] We acknowledge that there may be instances where sec. 6503(b) may actually provide a longer suspension of the 10-year collection period of limitations than is provided by sec. 6503(h). We do not intend to suggest that in that instance sec.
(continued...)

Petitioners also contend that their bankruptcy constituted a no-asset bankruptcy and that, even if section 6503(h)(2) generally were to control the collection period of limitations in the context of a bankruptcy proceeding, under McAuley v. United States, supra, the period of limitations should not be suspended in a no-asset bankruptcy.

In McAuley, the Court of Appeals for the Ninth Circuit did suggest in dicta and in a footnote that if a bankruptcy estate contained no assets, the collection period of limitations during a bankruptcy proceeding might not be suspended at all. Id. at 1114 n.7.

In United States v. Turner, 625 F.2d 328 (9th Cir. 1980), the taxpayers relied on the above-cited footnote in McAuley and argued that the collection period of limitations was not suspended during their bankruptcy proceeding because their bankruptcy estate consisted solely of exempt assets. In holding for the United States, the Court of Appeals for the Ninth Circuit in Turner clarified that the referenced footnote in McAuley referred only to a bankruptcy without any assets, exempt or nonexempt. United States v. Turner, supra at 329.

---

[15](...continued)
6503(h) might be treated as the controlling provision and limit a suspension of the collection period of limitations under sec. 6503(b).

Petitioners herein have presented no facts to support a finding that their bankruptcy estate contained no assets.  We need not consider a no-asset bankruptcy situation.  Further, in section 6503(h), unlike section 6503(b), there is no reference to assets nor reason to infer that thereunder the suspension of the limitations period lasts only as long as there are assets of the taxpayer in the control of the court.

Lastly, petitioners argue that section 6503(h)(2) did not suspend the collection period of limitations as to petitioners' postpetition assets, and petitioners argue that as to their postpetition assets the 10-year collection period of limitations expired before respondent's 2005 NFTL and before petitioners requested their Appeals Office collection hearing.

However, the automatic stay prevented respondent, during the bankruptcy proceeding, from collecting any of petitioners' assets.  Bankruptcy Code sec. 362(a)(1), (6); see also Smith v. Commissioner, 124 T.C. 36, 44 (2005).  Therefore, the collection period of limitations was suspended even as to petitioners' postpetition assets.

For the reasons stated, this Court sua sponte will dismiss for lack of jurisdiction all issues pertaining to respondent's 2005 notice of levy, we shall deny petitioners' motion for

summary judgment, and we shall grant respondent's motion for summary judgment relating to respondent's 2005 NFTL.[16]

An appropriate order and

decision will be entered.

---

[16] We also shall dismiss as moot petitioners' and respondent's motions for summary judgment to the extent they relate to respondent's notice of levy.