T.C. Summary Opinion 2008-83

UNITED STATES TAX COURT

KENNETH AND CAROL LEHMAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24324-06S.              Filed July 15, 2008.

Kenneth and Carol Lehman, pro sese.

Mark S. Schwarz and Paul C. Feinberg, for respondent.

SWIFT, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

Under section 6330 petitioners challenge respondent's notice of determination as to respondent's proposed levy action relating to petitioners' 1998, 2000, and 2001 Federal income taxes, representing a cumulative total liability of approximately $10,000. Respondent has filed a motion for summary judgment.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

## Background

On October 1, 1999, petitioners filed a chapter 13 bankruptcy petition with the U.S. Bankruptcy Court, District of Nevada.

On October 17, 1999, petitioners filed late their 1998 joint individual Federal income tax return. On November 15, 1999, respondent assessed the taxes petitioners reported on their 1998 tax return, an addition to tax for late filing, and interest.

On September 17, 2001, petitioners late filed their 2000 joint individual Federal income tax return. On October 29, 2001, respondent assessed the tax petitioners reported on their 2000 tax return, an addition to tax for late filing, and interest.

On July 11, 2002, the bankruptcy court entered an order confirming petitioners' chapter 13 plan for reorganization, under which petitioners were to pay their outstanding Federal income

tax liabilities in installments over 33 months beginning February 2002.

On July 22, 2002, petitioners moved the Court to dismiss their chapter 13 bankruptcy petition.

At a bankruptcy court hearing held on September 4, 2002, the bankruptcy court indicated that petitioners' motion for dismissal of their petition was approved but that petitioners "need to submit an order dismissing the case."

On September 6, 2002, petitioners late filed their 2001 joint individual Federal income tax return. On October 7, 2002, respondent assessed the tax petitioners reported on their 2001 tax return, an addition to tax for late filing, and interest.

Thereafter, beginning on December 25, 2002, petitioners made various payments to respondent on their outstanding Federal income taxes, each of which was applied to petitioners' outstanding 1998 Federal income taxes.

On February 5, 2004, because petitioners had not yet filed the above-referenced order to dismiss their chapter 13 bankruptcy case, the bankruptcy trustee notified petitioners that their bankruptcy case was still open and that they were delinquent on the payments due under the plan that petitioners had submitted in their chapter 13 bankruptcy case.

On March 10, 2004, petitioners filed another motion for dismissal of their chapter 13 bankruptcy case, and on March 11, 2004, the bankruptcy judge signed an order of dismissal and entered the dismissal. As a result of petitioners' motion for dismissal of their bankruptcy, petitioners' outstanding Federal income taxes for 1998, 2000, and 2001 were not discharged in bankruptcy.

On September 20, 2004, petitioners filed for bankruptcy under chapter 7. See 11 U.S.C. sec. 707 (2000). Thereunder, petitioners were awarded a discharge of their debts on December 28, 2004.

Because balances remained due on petitioners' Federal income taxes for 1998, 2000, and 2001, on April 25, 2006, respondent mailed to petitioners a notice of intent to levy with regard thereto and of petitioners' rights to an Appeals Office collection hearing under section 6330.

On May 9, 2006, petitioners mailed to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioners' only objection to the levy was that petitioners' Federal income taxes for 1998, 2000, and 2001 were discharged by petitioners' chapter 7 bankruptcy. Petitioners raised no issue as to the correct amount of their Federal income taxes for these years.

Respondent's Appeals Office concluded that petitioners' Federal income taxes for 1998, 2000, and 2001 were not discharged by petitioners' chapter 7 bankruptcy because the running of the collection period of limitations with regard thereto had been tolled during the entire course of petitioners' chapter 13 bankruptcy proceeding (i.e., from October 1, 1999, through March 11, 2004), making those liabilities not dischargeable.

On November 2, 2006, respondent's Appeals Office issued to petitioners a notice of determination sustaining the notice of intent to levy.

## Discussion

We have jurisdiction to decide whether income taxes are discharged in bankruptcy.  Swanson v. Commissioner, 121 T.C. 111, 116-117 (2003); Washington v. Commissioner, 120 T.C. 114, 119-121 (2003).

Federal income taxes for a particular year may be discharged by a chapter 7 bankruptcy discharge order if the due date of the related tax return for the year, including extensions, was at least 3 years before the chapter 7 bankruptcy petition was filed (3-year lookback period).  11 U.S.C. sec. 507(a)(8)(A)(i) (2000); Severo v. Commissioner, 129 T.C. 160, 165-166 (2007).

In calculating the 3-year lookback period, one must take into account any time during which the running of the lookback period was tolled (e.g., during pendency of a prior bankruptcy

proceeding).  <u>Young v. United States</u>, 535 U.S. 43, 46-47 (2002);

<u>Richardson v. Commissioner</u>, T.C. Memo. 2003-154.

The 3-year lookback period applicable to petitioners'

chapter 7 bankruptcy proceeding began when petitioners filed

their chapter 7 bankruptcy petition (September 20, 2004) and,

without tolling, would have ended 3 years prior thereto (on

September 20, 2001).  However, the running of the 3-year lookback

period applicable to petitioners' chapter 7 bankruptcy proceeding

was tolled during the 4-1/2-year pendency of petitioners' chapter

13 bankruptcy proceeding, and thus the 3-year lookback period

actually ended on approximately April 1, 1997.[1]

Because petitioners' 1998, 2000, and 2001 Federal income tax

returns were due long after April 1, 1997, petitioners' 1998,

2000, and 2001 Federal income taxes (due in 1999, 2001, and 2002,

respectively) were due within the 3-year lookback period

applicable to petitioners' chapter 7 bankruptcy proceeding and

were not discharged by the bankruptcy discharge order that was

---

[1] The 3-year lookback period relating to petitioners' ch. 7 bankruptcy proceeding began on Sept. 20, 2004, the date petitioners filed their ch. 7 bankruptcy petition, and ran back for 194 days to the date that petitioners' prior ch. 13 bankruptcy proceeding was dismissed (Mar. 11, 2004).  At that point, 901 days (or about 2-1/2 years) remained of the 3-year lookback period applicable to petitioners' ch. 7 bankruptcy proceeding, and these remaining 901 days were tolled during the entire 4-1/2 years during which petitioners' prior ch. 13 bankruptcy proceeding was pending.  The 3-year lookback period applicable to petitioners' ch. 7 bankruptcy proceeding thus looked back from Sept. 20, 2004, to Apr. 1, 1997.

entered in petitioners' chapter 7 bankruptcy case on December 28, 2004.[2]

Petitioners claim that the September 4, 2002, oral statement of the bankruptcy judge in petitioners' chapter 13 bankruptcy proceeding (to the effect that petitioners' chapter 13 bankruptcy proceeding would be dismissed) should be treated as the effective date on which petitioners' chapter 13 bankruptcy was dismissed and therefore that the tolling of the 3-year lookback period of 11 U.S.C. section 507(a)(8) should end on that date, September 4, 2002, instead of on March 11, 2004, the date on which the bankruptcy court entered the discharge order, resulting in a shorter tolling period of approximately 3 years.  We disagree.[3]

Rule 9021 of the Federal Rules of Bankruptcy Procedure states that judgments are "effective when entered as provided in [Bankruptcy] Rule 5003."  Rule 5003(a) of the Federal Rules of

_____

[2]  We note that petitioners' 2001 Federal income tax return was due to be filed within the 3-year lookback period even without taking into account any tolling thereof.

[3]  We note that the shorter tolling period petitioners would apply would also except from discharge (i.e., would not discharge) petitioners' 1998, 2000, and 2001 Federal income taxes.  The period from the date petitioners filed their ch. 7 petition (Sept. 20, 2004) back to Sept. 4, 2002 (the date of the bankruptcy judge's oral statement regarding dismissal of the ch. 13 bankruptcy proceeding), consists of 746 days and leaves 348 days (almost 1 year) remaining on the 3-year lookback period applicable to petitioners' Oct. 1, 1999, ch. 7 bankruptcy petition.  Approximately 348 days before the date on which petitioners filed their ch. 13 bankruptcy proceeding is Oct. 20, 1998.  Petitioners' 1998, 2000, and 2001 Federal income tax returns, of course, were due long thereafter.

Bankruptcy Procedure states that the "clerk shall keep a docket in each case * * * and shall enter thereon each judgment". "Orders do not become final until they are docketed." Am. Precision Vibrator Co. v. Natl. Air Vibrator Co., 863 F.2d 428, 429 (5th Cir. 1989); see also Sewell v. MGF Funding, Inc., 345 Bankr. 174, 180 (B.A.P. 9th Cir. 2006); NBD Highland Park Bank, N.A. v. Wien, 622 N.E.2d 123, 127 (Ill. App. Ct. 1993).

In support of their argument that the bankruptcy stay was lifted on September 4, 2002, and that the tolling of the above lookback period was terminated as of that date, petitioners allege that the fact that they made a number of tax payments to respondent in December of 2002 and in 2003 and the fact that respondent accepted those payments indicate or confirm that the bankruptcy automatic stay was not still in effect and that the bankruptcy stay had been terminated on September 4, 2002, when the bankruptcy judge in the chapter 13 proceeding stated that petitioners' motion for dismissal of their case was sustained.

We disagree. Petitioners' voluntary payments to respondent in 2002 and 2003 and respondent's acceptance of those payments had no effect on the effective date of the termination of petitioners' chapter 13 bankruptcy proceeding, and petitioners cite no authority to the contrary.

Because petitioners' Federal income taxes for 1998, 2000, and 2001 were not dischargeable in petitioners' chapter 7 bank-

ruptcy, respondent's Appeals Office did not abuse its discretion in sustaining respondent's proposed levy action.  We sustain respondent's proposed levy action.

An appropriate order and decision will be entered.