T.C. Summary Opinion 2009-13

UNITED STATES TAX COURT

KATHRYN FRANCES OKULA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17768-07S.            Filed January 28, 2009.

Kathryn Frances Okula, pro se.

Chong S. Hong, for respondent.

GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

case. Respondent moved for summary judgment, and petitioner was given an opportunity to respond. This case arose under the provisions of section 6330, and the sole question is whether petitioner's 1998 Federal income tax liability was discharged during her bankruptcy proceeding.

## Background

Petitioner had a self-assessed outstanding and unpaid 1998 income tax liability which respondent proposed to collect by means of a levy. Respondent notified petitioner of her right to a hearing, and petitioner submitted a timely request for a hearing. In her request petitioner sought a hearing to assert that her 1998 income tax liability had been discharged in bankruptcy and was no longer collectible by respondent. Petitioner did not challenge the underlying tax liability.

Petitioner's 1998 Federal income tax return was due April 15, 1999, and was filed with a balance due. Thereafter, she filed a chapter 7 bankruptcy petition on September 21, 2001. In accord with bankruptcy procedure petitioner notified every creditor, including respondent, in writing that she was seeking a discharge of her obligations to them. In accord with bankruptcy procedure each creditor was to notify the bankruptcy court if they had any objection to the discharge of petitioner's obligations. Respondent did not notify the bankruptcy court of any objection.

On January 2, 2002, the bankruptcy court issued an order discharging all of petitioner's dischargeable debts and closing the bankruptcy proceeding.  Respondent did not appeal the bankruptcy court's order, and petitioner believed that her debt to respondent for her 1998 income tax had been discharged.

On October 2, 2006, respondent notified petitioner of his intent to pursue collection of the 1998 tax liability and accrued interest.  Petitioner timely requested a hearing and asserted that respondent should not pursue collection because the 1998 tax liability had been discharged in bankruptcy.  A hearing was held on June 13, 2007, at which time respondent's settlement officer explained to petitioner that her 1998 tax liability had not been discharged in the bankruptcy because it had priority status under the Bankruptcy Code.  Petitioner did not otherwise challenge the merits of the 1998 tax liability or seek alternatives to collection, such as an offer-in-compromise.  The settlement officer verified and provided petitioner with all information required under the provisions of section 6330.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy if there is no genuine issue as to any material fact

and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). There is no dispute about the facts in this case, and the question we consider is a legal one-- whether, as a matter of law, petitioner's 1998 income tax obligation was discharged in bankruptcy.

There are no procedural questions about whether the settlement officer met the requirements of section 6330(c). The question of discharge is determinative of whether there was an abuse of discretion in deciding to proceed with collection. Because a discharge order was issued in petitioner's bankruptcy proceeding, we have jurisdiction to decide whether petitioner's 1998 tax liability was discharged under the bankruptcy court's order. See Swanson v. Commissioner, 121 T.C. 111, 117-118 (2003).

We review respondent's determination that, under 11 U.S.C. sec. 523(a)(1)(B)(i) (2006), petitioner's unpaid income tax liability was not discharged in bankruptcy. Additionally, we address petitioner's contentions that respondent made no challenge to petitioner's discharge order issued by the bankruptcy court.

Petitioner's discharge order does not specifically state which of her debts have been discharged. Instead, it outlines which debts are not discharged. One of the debts that is listed

as generally not dischargeable is "Debts for most taxes". The general rule is that a debtor who files a chapter 7 bankruptcy petition is discharged from personal liability for all debts incurred before the filing of the petition. 11 U.S.C. sec. 727(b) (2006); United States v. Hatton, 220 F.3d 1057, 1059-1060 (9th Cir. 2000). However, an individual debtor is not to be discharged in a bankruptcy proceeding from certain specified categories of debts. 11 U.S.C. sec. 523(a); Washington v. Commissioner, 120 T.C. 114, 121 (2003).

The first such category that is specifically excepted from the discharge provisions includes taxes described as priority claims in 11 U.S.C. sec. 507(a)(8) (2006). 11 U.S.C. sec. 523(a)(1)(A); Severo v. Commissioner, 129 T.C. 160 (2007). With respect to claims for income tax due for a tax year in which the due date for the return is within 3 years of the filing of the petition in bankruptcy, they are defined as priority claims. See 11 U.S.C. sec. 507(a)(8)(A)(i).

Petitioner's 1998 income tax return was due, without considering any extensions, on April 15, 1999. Petitioner's bankruptcy case was commenced September 21, 2001, a date that is less than 3 years from the due date of petitioner's 1998 income tax return. Accordingly, petitioner's 1998 income tax liability falls within the statutory exception so as ordinarily not to be

discharged by a general order of discharge by a bankruptcy court. Severo v. Commissioner, supra at 166.

Petitioner, however, also contends that she notified respondent that she was seeking discharge of the 1998 tax liability and respondent did not object or otherwise take any action with respect to petitioner's notice. Petitioner contends that any priority that respondent may have had would be obviated by the failure to notify petitioner of respondent's priority status or to object.

This issue has been considered by this Court, and we have held that the Commissioner's failure to take action in the bankruptcy proceeding does not, per se, affect the statutory priority afforded to tax debts. Therefore, if a tax liability satisfies the conditions set forth in 11 U.S.C. sec. 523(a)(1), it is not protected by the general discharge received by a taxpayer in his prior bankruptcy case. Swanson v. Commissioner, supra at 126.

Petitioner was under the impression that her discharge in bankruptcy had eliminated all of her debt. She was surprised 4 years later when respondent advised that collection of the 1998 liability was being pursued. Although we can sympathize with petitioner, she remains obligated for the 1998 tax liability.

Accordingly, there was no abuse of discretion when respondent determined to proceed with collection over petitioner's objection.

In view of the foregoing, respondent's motion for summary judgment will be granted.

<u>An appropriate order and decision will be entered</u>.