T.C. Memo. 2016-40

UNITED STATES TAX COURT

KIMBERLY J. GAFFORD, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19207-13L.            Filed March 7, 2016.

<u>Held</u>: We will dismiss this case for lack of jurisdiction because we have no authority to review R's decision letter sent to P following an equivalent hearing and deciding to proceed by levy to collect the penalty that R imposed on P for filing a frivolous return.

Kimberly J. Gafford, pro se.

Christopher S. Kippes, Adam L. Flick, Audrey M. Morris, and Abbey B. Garber, for respondent.

[*2]        MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  Petitioner has brought this case asking that we review a decision by the Internal Revenue Service Office of Appeals (Appeals) that respondent may proceed by levy to collect an unpaid civil penalty and interest that he assessed on account of petitioner's filing a frivolous tax return for 2007. Respondent asks that we dismiss this case for lack of jurisdiction because Appeals made no determination that may be appealed to this Court.

Unless otherwise stated, all section references are to the Internal Revenue Code of 1986, as amended.

FINDINGS OF FACT

When she filed the petition, petitioner resided in Texas.

Petitioner is a systems administrator who, in 2007, worked for Lockheed Martin Corp.  For 2007, Lockheed Martin paid her wages of $77,809 and reported that payment to her on a Form W-2, Wage and Tax Statement.  Petitioner originally filed a 2007 Federal income tax return reporting adjusted gross income of $78,962 and income tax of $10,544.  In 2011, petitioner submitted to respondent a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-

[*3] Sharing Plans, IRAs, Insurance Contracts, etc., on which she reported her 2007 wages from Lockheed Martin to be zero. Petitioner also submitted a 2007 Form 1040X, Amended U.S. Individual Income Tax Return, on which she changed her wage amount to zero to reflect the Form 4852 she had filed and on which she claimed a refund. Petitioner testified at trial that she made those submissions because she had come to conclude that her earnings did not qualify as wages subject to income tax because neither had she received those earnings from a Government agency for the performance of a public office nor did the earnings otherwise constitute gains, profits, or income within the meaning of relevant law.

In February 2012, respondent wrote to petitioner, notifying her that the Form 1040X was frivolous and that he would assess a $5,000 penalty if she did not correct the Form 1040X within 30 days. Petitioner did not respond to that letter, and, in April 2012, respondent assessed the penalty and, presumably, notified her of her liability for the penalty and demanded its payment. Petitioner did not pay the penalty, and, on July 2, 2012, respondent sent her a notice of intent to levy (levy notice). The levy notice stated: "This is your notice of intent to levy as required by Internal Revenue Code section 6331(d)." It informed petitioner that, if she did not immediately pay the amount due or call the Internal Revenue Service (IRS), respondent would seize any State tax refund she was due. The

[*4] notice continued:  "If you still have an outstanding balance after we seize ('levy') your state tax refund, we may send you a notice giving you a right to a hearing before the IRS Office of Appeals, if you have not received such a notice. We may then seize ('levy') or take possession of your other property or your rights to property."  On July 24, 2012, in response to the levy notice, petitioner sent to respondent a letter (July 24 letter) requesting a collection due process (section 6330) hearing and challenging her liability for the penalty.  Petitioner addressed the July 24 letter to the IRS office issuing the levy notice, in Memphis, Tennessee. The IRS received the July 24 letter on July 30, 2012.  On August 23, 2012, respondent acknowledged the July 24 letter, stating that it had been received on August 9, 2012.  Respondent promised to contact petitioner within 45 days.

On August 4, 2012, respondent sent to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice).  The final notice indicates that it was sent from the IRS ACS Support office, Fresno, California.  It states that it is the notice required by sections 6330 and 6331.  It states respondent's intent to levy to collect the assessed penalty unless, among other options, petitioner does the following:  "Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter."

**[\*5]**  By letter dated December 4, 2012, petitioner's representative wrote to the IRS ACS Support office, enclosing with his letter a Form 12153, Request for a Collection Due Process or Equivalent Hearing (hearing request), requesting an equivalent hearing.  Pursuant to the hearing request, an Appeals settlement officer accorded petitioner's representative a telephone hearing.  On July 19, 2013, Appeals sent to petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter).  The decision letter states that, because the hearing request had not been received within 30 days of August 4, 2012, the date of the final notice, it was not timely and petitioner was not entitled to a section 6330 hearing but had been accorded an equivalent hearing.  The letter concludes that the levy notice was appropriate.

In response to the decision letter, petitioner submitted the petition, which we received and filed on August 19, 2013.

OPINION

I.      Introduction

We must determine whether Appeals made a determination that may be appealed to this Court.

**[\*6]** II.      Sections 6330 and 6331

Section 6331(a) authorizes the Secretary of the Treasury (Secretary) to levy against property and property rights where a taxpayer liable for taxes fails to pay those taxes within 10 days after notice and demand for payment is made.  Section 6331(d) requires the Secretary to send written notice of an intent to levy to the taxpayer, and section 6330(a) requires the Secretary to send written notice to the taxpayer of his right to a section 6330 hearing at least 30 days before any levy is begun.  Section 6330(f) eliminates the requirement of a pre-levy hearing notice in the case of a levy to collect State tax refunds owing to the taxpayer.  The taxpayer must, however, be given the right to a hearing within a reasonable time after the levy.  Id.  A taxpayer must request a section 6330 hearing within 30 days of the date of the written section 6330 notice.  Sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), (c)(2), Q&A-C3, Proced. & Admin. Regs.

If a taxpayer requests a section 6330 hearing, the hearing is to be conducted by Appeals.  Sec. 6330(b)(1).  Section 6330(c) specifies the matters that may be considered at the hearing.  At the conclusion of the hearing, Appeals is to issue a determination.  See sec. 6330(c)(3).  The taxpayer has 30 days within which to appeal the determination to the Tax Court, and we have jurisdiction to review it.  Sec. 6330(d)(1).

**[\*7]**   If the taxpayer does not request a section 6330 hearing within 30 days of the date of the written section 6330 notice, the taxpayer forgoes the right to a section 6330 hearing with respect to the unpaid tax and tax periods shown on the notice. Sec. 301.6330-1(c)(2), Q&A-C7, Proced. & Admin. Regs.  In lieu of a section 6330 hearing, the taxpayer will be offered an equivalent hearing.  Id.; sec. 301.6330-1(i)(1), Proced. & Admin. Regs.  An equivalent hearing is conducted by Appeals and concluded by Appeals' sending the taxpayer a decision letter rather than a determination notice.  See sec. 301.6330-1(i)(1), Proced. & Admin. Regs. Generally, a taxpayer may not appeal to this Court a decision letter concluding an equivalent hearing, since, generally, we lack jurisdiction to review a decision letter.  See Severo v. Commissioner, 129 T.C. 160, 163 (2007), aff'd, 586 F.3d 1213 (9th Cir. 2009).

III.   Parties' Arguments

Respondent argues that we must dismiss this case for lack of jurisdiction because petitioner did not make a timely and proper request for a section 6330 hearing and we have no authority to review the equivalent hearing that she did receive.  Respondent addresses both the July 24 letter, which he argues was both a premature hearing request and otherwise improper, and the hearing request, which he argues was a tardy hearing request.

**[*8]** Respondent argues that the July 24 letter was premature because it was both mailed by petitioner and received by the IRS before respondent sent the final notice to petitioner. Moreover, respondent argues that the July 24 letter, even if considered timely, was improper because it was not mailed to the IRS office whose address is on the face of the final notice, contradicting the instruction in section 301.6330-1(c)(2), Q&A-C6, Proced. & Admin. Regs., that the request for a section 6330 hearing be returned to the IRS office and address as directed in the section 6330 notice. Respondent argues that the hearing request was 92 days tardy since it was mailed to the IRS on December 4, 2012, which was 122 days after the August 4, 2012, date of the final notice.

Petitioner did not on brief address the issue of whether she had timely made a request for a section 6330 hearing despite being instructed by the Court during the evidentiary hearing held in this case that she must.

IV.    Discussion

A.    Introduction

Respondent sent the final notice to petitioner on August 4, 2012. If she did not thereafter and on or before September 4, 2012 (i.e., within 30 days), request a section 6330 hearing, she forfeited her right to a section 6330 hearing with respect to the unpaid tax and the years shown on the final notice. See sec. 301.6330-

**[*9]** 1(c)(2), Q&A-C7, Proced. & Admin. Regs. Generally, we lack jurisdiction to review a decision letter issued concluding an equivalent hearing. See Severo v. Commissioner, 129 T.C. at 163; McCullar v. Commissioner, T.C. Memo. 2014-150, at *6.

B.     July 24 letter

Sections 6330 and 6331 both provide 30-day notice requirements. Respondent may concurrently satisfy both notice requirements with one notice. See, e.g., Rennie v. Commissioner, T.C. Memo. 2002-296, 2002 WL 31875120, at *3 ("In accord with sections 6330(a) and 6331(d), respondent provided petitioner with a final notice of intent to levy, which also included notice of petitioner's right to an administrative appeal of respondent's decision to collect the tax."). In fact, the final notice states that it is the notice required by sections 6330 and 6331 that respondent intends to levy and that petitioner may appeal the intended levy by requesting a section 6330 hearing. The levy notice states only that it is the notice required by section 6331(d). It adds that, if petitioner still owes tax after the IRS takes any State tax refund, "we may send you a notice giving you a right to a hearing before the IRS Office of Appeals" before levying on her property.

Petitioner responded to the levy notice by requesting a section 6330 hearing and challenging her liability for the penalty. The July 24 letter was premature to

**[*10]** request a section 6330 hearing, since the final notice was not sent until August 4, 2012, which opened the 30-day window for petitioner to request a section 6330 hearing. See sec. 301.6330-1(c)(2), Q&A-C7, Proced. & Admin. Regs. A premature request for a section 6330 hearing is ineffective. Andre v. Commissioner, 127 T.C. 68, 74 (2006).

And while on August 23, 2012, respondent acknowledged the July 24 letter, stating that it had been received on August 9, 2012, respondent has convinced us that the acknowledgment was in error and should have stated that the July 24 letter was processed by respondent's Memphis office on that date. Copies of postal service forms accompanying the copy of the July 24 letter that is in evidence show receipted delivery to the IRS on July 30, 2012. In any event, petitioner has made no argument that she was misled by respondent's mistaken acknowledgment into thinking that the July 24 letter had been accepted by respondent as a hearing request in response to the final notice.

Finally, respondent argues that we should take into account that the July 24 letter was not sent to the IRS office whose address is on the face of the final notice. It is true that petitioner did not send the July 24 letter to that address, contravening the instructions in the regulations for where requests for section 6330 hearings should be sent. See sec. 301.6330-1(c)(2), Q&A-C6, Proced. &

[*11] Admin. Regs.  In <u>Andre v. Commissioner</u>, 127 T.C. at 73, we emphasized the importance to the IRS of procedural consistency in effectively and efficiently processing section 6330 hearing requests.  We do not change our view.

The July 24 letter was not an effective request for a section 6330 hearing, and respondent made no determination reviewable by us under section 6330(d)(1) in response to that letter.

    C.    <u>Hearing Request</u>

The hearing request was not a timely request for a section 6330 hearing. Indeed, petitioner's representative asked only for an equivalent hearing.  Because the hearing request was not timely, Appeals treated it as a request for an equivalent hearing and concluded the hearing by sending a decision letter to petitioner.  We have no authority to review the decision letter.  <u>See</u> <u>Severo v. Commissioner</u>, 129 T.C. at 163; <u>McCullar v. Commissioner</u>, at *6.

V.    <u>Conclusion</u>

We have no authority under section 6330(d)(1) to review the decision letter, and, for that reason, we will dismiss this case for lack of jurisdiction.

                    <u>An appropriate order of dismissal will be entered</u>.