MARGARET E. WARDEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warden v. Commissioner
Docket No. 10167-89
United States Tax Court
T.C. Memo 1990-321; 1990 Tax Ct. Memo LEXIS 343; 59 T.C.M. (CCH) 1008; T.C.M. (RIA) 90321; June 27, 1990, Filed *343 Decision will be entered under Rule 155. William P. Koontz, for the petitioner. Catherine J. Caballero, for the respondent. GALLOWAY, special Trial Judge. GALLOWAY
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1] In separate notices of deficiency for each taxable year dated February 21, 1989, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax - Sections
Year
Deficiency
6651(a)
6653(a)(1) [2]
6653(a)(2)
6654(a)
1984
$ 2,720.00
$ 680.00
$ 136.00
*
$ 171.00  1985
2,799.00
699.75
139.95
*
160.00  1986
2,732.00
683.00
136.60
*
132.00  The adjustments *344 in the notices of deficiency resulted from (1) petitioner's failure to report on timely filed returns disability income received from the Office of Personnel Management, Civil Service Retirement System (Personnel Management), in the respective amounts of $ 19,104, $ 19,764, and $ 19,764, for the years 1984, 1985, and 1986, and (2) the additions to tax disclosed above. Petitioner was a resident of Cottage Grove, Oregon, when her petition herein was filed. Our findings of fact and opinion are combined for purposes of clarity and convenience. The petition in this case was filed pro se. Petitioner alleged that the total "additional taxes, interest and penalties * * * were in dispute." The 10-page petition contained some protester-type allegations. Petitioner alleged, in part: (1) the "Notices of Deficiency fail to identify the specific Section * * * that imposes tax on the Petitioner;" (2) "Respondent failed * * * to ascertain [whether] Petitioner was entitled to various deductions;" and (3) "'returns' [have] been timely filed with Respondent by Petitioner's employer." At trial, petitioner's counsel entered his appearance. Petitioner orally moved and was granted permission to amend *345 her petition to raise a new issue. The parties filed a stipulation of facts. Petitioner conceded that the unreported disability income was taxable. Respondent conceded that petitioner was entitled to various deductions in each of the years for mortgage interest expense, real estate taxes, and medical expense (subject to the 5 percent adjusted gross income limitation). The remaining issues for decision are: (1) whether petitioner is entitled to offset automobile expense deductions that were allegedly incurred but not claimed in years 1972 through 1977 against her 1984, 1985, and 1986 income tax deficiencies; and (2) whether petitioner is liable for the additions to taxes determined by respondent. 1. Automobile Expenses
Petitioner contends that she is entitled to offset unreimbursed automobile expenses not claimed in years 1972 through 1977 against her 1984, 1985, and 1986, income tax deficiencies. Respondent, however, argues that the "Court's jurisdiction to redetermine a deficiency in tax is limited to those years * * * for which a notice of deficiency has been mailed to the taxpayer." We agree with respondent. This Court is one of limited jurisdiction. Our jurisdiction applies *346 only to the tax years in controversy. Sec. 6214(b); ; . See also . In the instant case, the taxable years 1984 through 1986 are in issue. Whatever may have occurred during the years 1972 through 1977 is not before this Court in this proceeding. We, therefore, are without jurisdiction to offset any automobile expense deductions substantiated [3] by petitioner for years 1972 through 1977 against deficiencies which respondent determined for years 1984, 1985, and 1986. 2. Additions to Tax
During the years 1972 through 1977, petitioner worked for the United States Customs Service as an inspector for the Los Angeles Harbor in Long Beach, California. In July 1977, petitioner retired from her employment on disability and began receiving monthly annuity payments. Petitioner's total contribution of her own *347 funds to the civil service retirement and disability fund was $ 18,076. During years 1984, 1985, and 1986, Personnel Management issued Forms W-2P(A) which disclosed that petitioner received annuity payments in the respective amounts of $ 19,104, $ 19,764, and $ 19,764. No Federal income tax was withheld. Petitioner has conceded that the above received annuity payments are taxable. a. Failure to File a Return - Section 6651(a)(1)
Section 6651(a)(1) provides for an addition to tax for failure to timely file a return, unless such failure is due to reasonable cause and is not due to willful neglect. Although petitioner concedes that she did not file Federal income tax returns for the years in issue, she nevertheless contends that the "filing" of the Forms W-2P(A) by Personnel Management constitutes the filing of a tax return. Petitioner also argues that she did not file Forms 1040 on the "belief that said forms failed to comply with the requirements of the Paperwork Reduction Act of 1980" and Federal Register Act. Petitioner bears the burden of proving that the section 6651(a) (1) addition to tax does not apply to the years in issue. , *348 affd. without opinion ; Rule 142(a). We find petitioner's first argument that her employer's filing of a Form W-2P(A) constitutes the filing of valid return on her behalf to be totally without merit. Taxpayers who receive income from wages, annuities, and unemployment compensation are required to file a Federal income tax return for the year. Secs. 61(a)(1) and 6012(a)(1). A return for income tax purposes need not be perfectly accurate or complete if it purports to be a return and if it exhibits a genuine attempt to satisfy the requirements of a return. . To qualify as a return, however, the document must contain sufficient data from which respondent can compute and assess a tax liability, it must purport to be a return, there must be an honest and reasonable attempt to satisfy the requirements of the tax law, and it must be executed under penalties of perjury. , affd. per curiam ; see also It is clear that the Forms W-2P(A), issued by Personnel Management, copies of which were received by petitioner, *349 do not constitute valid Federal income tax returns. We also disagree with petitioner's second argument that she did not file Forms 1040 for the 1984, 1985, and 1986 taxable years because the Forms 1040 did not comport with the requirements of the Paper Reduction Act of 1980 and Federal Register Act. Her contention is based solely on the Forms' 1040 alleged failure to display (in the upper right corner) a current valid OMB control number. The Court has rejected this argument as being a frivolous and groundless protester allegation. See (slip opinion at 10). Respondent is sustained on this issue. b. Failure to Pay Estimated Tax - Section 6654(a)
Section 6654(a) imposes an addition to tax for the underpayment of estimated tax. Petitioner has the burden of proving that respondent erred in determining that the additions to tax under section 6654(a) for 1984 through 1986 should be imposed. . Petitioner has failed to do so. Accordingly, we again sustain respondent. c. Additions to Tax for Negligence -Section 6653(a)
Section 6653(a)(1) imposes a 5 percent addition to tax on any underpayment of tax *350 due to negligence or intentional disregard of rules and regulations. Additionally, section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Section 6653(1)(A) and (B) for the year 1986 contain the same provisions. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; . Petitioner bears the burden of proving that she was not negligent. ; Rule 142(a). In this case petitioner has not offered persuasive evidence to refute respondent's determination that she was negligent. Moreover, petitioner's failure to file returns for the years at issue, failure to pay estimated tax, and her raising frivolous arguments which have been repeatedly rejected by this Court warrant the finding that petitioner negligently and intentionally disregarded the rules and regulations relating to Federal income tax. See, e.g., , *351 affd. ; , affd. ; , remanded on other issues ; , affd. . Accordingly, petitioner is liable for the additions to tax for negligence as determined by respondent. To reflect the concessions by the parties on other issues, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sections 6653(a)(1) and (a)(2) have been redesignated for taxable year 1986 as sections 6653(a)(1)(A) and (B), respectively. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1503(a), 100 Stat. 2742.↩
*. 50 percent of the interest due on the underpayment to tax attributable to negligence.↩
3. Petitioner, in fact, was unable to carry her burden of proving the amounts of automobile expenses she would have been entitled to in the years 1972-1977, had these expenses been claimed.↩