T.C. Memo. 2014-150

UNITED STATES TAX COURT

JANET MCCULLAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3100-13L.                          Filed July 28, 2014.

Janet McCullar, pro se.

<u>Edwin B. Cleverdon</u> and <u>Thomas Alan Friday</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** Revenue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved to dismiss the petition for lack of jurisdiction as to tax years 2008 and 2009 and for summary judgment under Rule 121 as to tax year 2010. We will grant both motions.

Background

Petitioner filed a timely Federal income tax return for 2008. The IRS made no adjustments to that return and issued petitioner the refund she had requested thereon. Respondent represents that the IRS has issued to petitioner no notice of deficiency, notice of determination, or other notice for 2008 that would provide this Court with jurisdiction over petitioner's 2008 tax year.

Petitioner filed a timely Federal income tax return for 2009. The IRS conducted an examination of that return and, on December 27, 2010, sent petitioner a notice of deficiency for 2009. Petitioner did not petition this Court from that notice and, on May 2, 2011, the IRS assessed the tax. In an effort to collect that assessed tax, the IRS sent petitioner, on August 22, 2011, IRS Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On June 7, 2012, petitioner filed Form 12153, Request for a Collection Due Process or Equivalent Hearing. Because this request was filed 290 days after the Letter 1058 was issued, and thus outside the time period for requesting a CDP hearing for 2009, the

[*3] settlement officer to whom the case was assigned determined that petitioner was entitled only to an equivalent hearing. On December 3, 2012, the settlement officer (SO) sent petitioner a decision letter concerning equivalent hearing explaining that the IRS was unable to offer her any relief for 2009.

Petitioner filed a timely Federal income tax return for 2010. The IRS conducted an examination of that return, which resulted in issuance of a notice of deficiency on September 30, 2011. Petitioner did not petition this Court from that notice and, on February 13, 2012, the IRS assessed the tax. In an effort to collect that assessed tax, the IRS sent petitioner, on May 12, 2012, IRS Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On June 7, 2012, petitioner filed Form 12153. In her request, petitioner did not seek a collection alternative but challenged her underlying tax liability. Petitioner stated that she wished to challenge, at her CDP hearing, her tax liabilities for 2008, 2009, and 2010.

On September 5, 2012, the SO from the IRS Appeals Office sent petitioner a letter scheduling a telephone CDP hearing for October 9, 2012. The SO informed petitioner that, in order for him to consider a collection alternative, she needed to provide him with a copy of a completed Form 433-A, Collection Information

**[\*4]** Statement for Wage Earners and Self-Employed Individuals, together with supporting financial information.

Petitioner provided no documentation and proposed no collection alternative before the scheduled CDP hearing. She failed to participate in that hearing and did not request that it be rescheduled. The SO mailed petitioner a "last chance" letter requesting that she submit financial information if she wished the IRS to consider a collection alternative. Petitioner submitted no information and failed to contact the IRS regarding her case. Accordingly, the IRS prepared and mailed to petitioner a notice of determination sustaining the proposed levy. When that letter was returned to the IRS as undeliverable, the SO sent by certified mail on January 9, 2013, to a different address for petitioner, another notice of determination sustaining the proposed levy. Petitioner timely sought review in this Court, advancing as her sole contention a challenge to her underlying tax liabilities for 2008, 2009, and 2010.

On February 20, 2014, respondent filed a motion to dismiss for lack of jurisdiction as to 2008 and 2009 and a motion for summary judgment as to 2010. This Court ordered petitioner to file a response to both motions by April 14, 2014. This order advised petitioner that "under Tax Court Rule 121(d), judgment may be

[*5] entered against a party who fails to respond to a motion for summary judgment." Petitioner has responded neither to respondent's motions nor to the Court's order.

Discussion

A.    Motion to Dismiss for Lack of Jurisdiction

The Tax Court is a court of limited jurisdiction, Naftel v. Commissioner, 85 T.C. 527, 529 (1985), and may exercise jurisdiction only to the extent expressly provided by statute, Breman v. Commissioner, 66 T.C. 61, 66 (1976). Jurisdiction must be shown affirmatively, and petitioner, as the party invoking the Court's jurisdiction, bears the burden of proving that jurisdiction exists. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001).

As to 2008 petitioner has failed to present any document showing that the IRS issued her any notice that would provide us with jurisdiction. Respondent represents, following a diligent search of IRS files, that no such notice has been issued to petitioner. Petitioner has failed to satisfy her burden of proving that jurisdiction exists as to 2008.

As to 2009 petitioner did receive a notice of intent to levy. A taxpayer that wants a CDP hearing before an IRS Appeals officer must submit a hearing request

[*6] within 30 days from the date of Letter 1058. See sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), Proced. & Admin. Regs. If the taxpayer fails to request a CDP hearing within that 30-day period, the IRS will afford the taxpayer an "equivalent hearing." See sec. 301.6330-1(i)1, Proced. & Admin. Regs. Following an "equivalent hearing," the Appeals officer issues the taxpayer a "decision letter." A decision letter issued after an equivalent hearing does not constitute a "notice of determination" within the meaning of section 6330(d) and thus does not provide a basis for invoking this Court's jurisdiction. See Moorhous v. Commissioner, 116 T.C. 263, 270-271 (2001). But see Craig v. Commissioner, 119 T.C. 252, 259 (2002) (decision letter issued after timely CDP request constituted a notice of determination).

The IRS informed petitioner that she would be offered an "equivalent hearing" because her hearing request for 2009 was filed 290 days (rather than 30 days) after the Letter 1058 for 2009 was issued. See Craig, 119 T.C. at 258 (describing the genesis for equivalent hearings). After petitioner failed to participate in her equivalent hearing, the IRS issued her a decision letter stating that the proposed collection actions were appropriate. Because petitioner's decision letter does not provide us with jurisdiction, we lack authority to hear her case as regards 2009. We will therefore grant respondent's motion to dismiss as to both 2008 and 2009.

**[*7]** B.     Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121 the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but rather must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine dispute for trial."

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound

[*8] basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005),

aff'd, 469 F.3d 27 (1st Cir. 2006).

Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or

amount of her underlying liability in a CDP proceeding only if she did not receive

a notice of deficiency or otherwise have a prior opportunity to contest that lia-

bility.  Petitioner received a notice of deficiency for 2010 but failed to petition this

Court.  Thus, petitioner is precluded from challenging her underlying tax liability

for 2010.  Petitioner failed to participate in her CDP hearing and would thus be

precluded from challenging her underlying liability in any event.  See Thompson

v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from dis-

puting the underlying liability if it was not properly raised in the CDP hearing.").

We accordingly review the SO's actions with respect to 2010 only for abuse

of discretion.  Because petitioner failed to respond to respondent's motion for

summary judgment, the Court could enter a decision against her for that reason

alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.

We conclude that there are no material facts in dispute and that this case is ap-

propriate for summary adjudication.

The only question is whether the SO abused his discretion in sustaining a

levy to collect petitioner's unpaid tax liability.  We review the record to determine

**[*9]** whether: (1) the SO properly verified that the requirements of any applicable law or administrative procedure have been met; (2) any issues raised by petitioner have merit; and (3) "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

It is clear from our review of the record that the SO conducted a thorough review of transcripts of petitioner's account and verified that the requirements of applicable law and administrative procedure were followed. The SO properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that collection action be no more intrusive than necessary. Petitioner did not raise any challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. See Rule 331(b)(4).

Because petitioner failed to participate in her hearing or raise any issues other than her underlying liability, we find that the SO did not abuse his discretion. We will therefore grant summary judgment for respondent and affirm the proposed collection action for 2010. To reflect the foregoing,

An appropriate order and decision

will be entered.