T.C. Summary Opinion 2017-75

UNITED STATES TAX COURT

DAVID L. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10874-16S L.                    Filed September 13, 2017.

David L. Jones, pro se.

<u>Gary R. Shuler, Jr.</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was brought pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issue before the Court is whether to grant respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that his determination to collect petitioner's unpaid tax liability for 2011 by levy should be upheld. Petitioner has not responded to the motion despite an order from this Court dated June 22, 2017, instructing him to do so.[2]

Background

At the time the petition was filed, petitioner resided in Ohio.

Petitioner failed to file a Federal income tax return for 2011. As a result, respondent prepared a substitute for return for 2011.

On May 5, 2014, the Internal Revenue Service (IRS) sent petitioner, by certified mail, a notice of deficiency for 2011. Petitioner did not petition this Court for redetermination of the amounts determined in the notice of deficiency.

On May 18, 2015, having received no payment from petitioner, the IRS sent petitioner a Notice CP-90, Notice of Intent to Levy and Notice of Your Right to a

---

[2]Because petitioner failed to respond to respondent's motion, the Court could enter a decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits.

Hearing. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he challenged the underlying tax liability for 2011 but did not propose any collection alternatives.

On October 30, 2015, a settlement officer (SO) from the IRS Office of Appeals sent petitioner a letter acknowledging receipt of his request for a collection due process (CDP) hearing and scheduling a telephone conference call to conduct the CDP hearing for December 9, 2015. In the letter the SO offered petitioner the opportunity to file a past-due 2011 tax return, and she informed him that if he sought a collection alternative, he had to file signed tax returns for 2010, 2012, 2013, and 2014 before the scheduled CDP hearing.[3]

Petitioner did not file his delinquent tax returns before the scheduled CDP hearing. On December 9, 2015, the SO called petitioner to conduct the CDP hearing. Petitioner told the SO that his address had changed and that he had not received the SO's October 30, 2015, letter. Petitioner requested that the hearing be rescheduled, and the SO agreed.

On December 10, 2015, the SO sent petitioner a letter at his current address rescheduling the CDP hearing for January 20, 2016. In the letter the SO again

_____

[3]Petitioner's 2010, 2012, 2013, and 2014 delinquent returns are not at issue in this case.

requested that petitioner file his delinquent tax returns before the new hearing date.

On January 19, 2016, petitioner called the SO and requested that the CDP hearing be rescheduled because of poor weather. The SO agreed to petitioner's request and rescheduled the CDP hearing for February 10, 2016. The SO did not conduct the CDP hearing on February 10, 2016, because she inadvertently misplaced petitioner's case file. On March 7, 2016, the SO sent petitioner a letter rescheduling the CDP hearing for March 30, 2016. In the letter the SO again requested that petitioner file his delinquent tax returns before the new hearing date.

Petitioner did not file his delinquent tax returns before the CDP hearing scheduled for March 30, 2016. Petitioner failed to participate in the CDP hearing and did not request that it be rescheduled. On March 30, 2016, the SO sent petitioner a "last chance" letter stating that she would make a determination by reviewing the administrative file and any information that he had previously submitted. The SO advised petitioner that if he wanted to provide additional information for her consideration, he had to do so by April 13, 2016. Petitioner did not respond to the SO's March 30, 2016, "last chance" letter. Accordingly, on April 28, 2016, the SO sent petitioner a Notice of Determination Concerning

Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy action. Petitioner timely filed a petition with this Court challenging his underlying tax liability and alleging that he had not received the SO's March 30, 2016, "last chance" letter.

## Discussion

A. Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In deciding whether to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).

Petitioner failed to respond to respondent's motion and has failed to demonstrate that there is a genuine dispute for trial. Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

B. Standard of Review

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not properly at issue, we review the Office of Appeals' determination for abuse of discretion only. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. A determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).

Petitioner received a notice of deficiency for 2011 but failed to petition this Court for redetermination.  Thus, petitioner is precluded from challenging his underlying liability for 2011.  Further, petitioner failed to participate in his CDP hearing and would thus be precluded from challenging his underlying liability in any event.  See Thompson v. Commissioner, 140 T.C. 173, 178 (2013); McCullar v. Commissioner, T.C. Memo. 2014-150, at *8.  We will therefore review the SO's determination only for abuse of discretion.  See Goza v. Commissioner, 114 T.C. at 182.

C.  Analysis

The determination of the IRS Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3); see also Lunsford v.

Commissioner, 117 T.C. 183, 184 (2001). Our review of the record establishes that the SO properly considered all of these factors when making her determination.

Petitioner disagrees with the SO's determination because he contends that he did not receive the "last chance" letter. Once a taxpayer has been given a reasonable opportunity for a CDP hearing but has failed to avail himself of the opportunity, the SO may proceed in making a determination by reviewing the case file. Oropeza v. Commissioner, T.C. Memo. 2008-94, aff'd, 402 F. App'x 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 F. App'x 934 (9th Cir. 2005).

Before the SO sent petitioner the "last chance" letter, the SO scheduled multiple conference calls with petitioner. While petitioner indicated to the SO that he did not receive notice that a CDP hearing was scheduled for December 9, 2015, and the SO never called him for the scheduled CDP hearing on February 10, 2016, he failed to participate in the hearings scheduled for January 20 and March 30, 2016. After failing to participate in the March 30, 2016, CDP hearing, petitioner never followed up with the SO. Petitioner did not avail himself of two reasonable opportunities for a CDP hearing. Therefore, we find that it was not an abuse of discretion for the SO to sustain the levy.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.