T.C. Memo. 2021-85

UNITED STATES TAX COURT

RICHARD C. MATHEWS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7999-19.                    Filed July 8, 2021.

Richard C. Mathews, pro se.

<u>G. Chad Barton</u> and <u>Vassiliki Economides Farrior</u>, for respondent.

MEMORANDUM OPINION

URDA, <u>Judge</u>:  Petitioner, Richard Mathews, petitioned this Court

challenging notices of deficiency and of determination purportedly issued by the

Internal Revenue Service (IRS) with respect to his 2003 through 2006 and 2012 tax

years.  Respondent moves to dismiss this case for lack of jurisdiction, asserting that

Mr. Mathews failed (1) to timely challenge the notice of deficiency for 2003

[*2] through 2006 or (2) to identify any other notices sufficient to invoke our jurisdiction with respect to the years at issue. We agree with respondent.

Background

On May 9, 2019, Mr. Mathews mailed a letter to this Court, which we filed as his petition, "fil[ing] suit for relief for the years 2004-2006, 2012 * * * as to taxes allegedly due, penalties, and interest". This petition reflected that he was residing at that time in Conway, Arkansas (Conway address). Mr. Mathews attached to his petition decisions from this Court in which we determined that he had no income tax deficiency for either his 2007 or 2008 tax year. Mr. Mathews did not attach a copy of any notice of deficiency for the years he sought to challenge.

Mr. Mathews subsequently filed an amended petition for 2003 through 2006 and 2012. On the amended petition Mr. Mathews marked boxes for "Notice of Deficiency" and "Notice of Determination Concerning Collection Action". He nonetheless did not attach either a notice of a deficiency or a notice of determination. He instead attached the following documents: (1) a notice of intent to levy for 2003, dated August 21, 2017; (2) a second reminder for unpaid taxes for 2003, dated July 17, 2017; and (3) annual reminders of balance due on tax for 2004, 2005, 2006, and 2012, dated October 23, 2017.

**[*3]**   Mr. Mathews later submitted to this Court a copy of a notice of deficiency dated March 24, 2016, for his 2003 through 2006 tax years.  The notice determined deficiencies of $10,990 for 2003, $19,461 for 2004, $14,210 for 2005, and $31,574 for 2006, as well as a fraud penalty under section 6663[1] for each year.  The notice reflects that it was sent by certified mail to "Donna L Mathews and Richard Matthews" at the Conway address, which Mr. Mathews has used in communications with this Court throughout this case.[2]

Respondent subsequently moved to dismiss this case for lack of jurisdiction. In support respondent submitted a certified mailing list, U.S. Postal Service Form 3877, Firm Mailing Book for Accountable Mail, which reflects the mailing of a notice of deficiency for Mr. Mathews' 2003 through 2006 tax years to him at the Conway address on March 24, 2016.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The notice clarified on its first page that Ms. Mathews had been granted full relief "under IRC 6015(b), (c), or (f), from the joint and several liability determined in this notice of deficiency."

**[\*4]**                                   <u>Discussion</u>

I.      <u>Jurisdictional Principles</u>

Like all Federal courts, we are a court of limited jurisdiction, which we may exercise only to the extent authorized by Congress. <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). As the party invoking our jurisdiction, Mr. Mathews bears the burden of proving the facts necessary to establish that we have jurisdiction over his case. <u>See</u> <u>David Dung Le, M.D., Inc. v. Commissioner</u>, 114 T.C. 268, 270 (2000), <u>aff'd</u>, 22 F. App'x 837 (9th Cir. 2001); <u>Savoy v. Commissioner</u>, T.C. Memo. 2014-162, at \*15, <u>aff'd</u>, 589 F. App'x 187 (4th Cir. 2015). On his amended petition Mr. Mathews indicated that he was challenging both notices of deficiency and of determination.

As to the former, our jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988). A notice of deficiency is valid, whether or not the taxpayer receives it, if it is mailed to the taxpayer's last known address by certified or registered mail. <u>See</u> sec. 6212(a) and (b); <u>see also</u> <u>Yusko v. Commissioner</u>, 89 T.C. 806, 810 (1987); <u>Cherizol v. Commissioner</u>, T.C. Memo. 2014-119, at \*7. Mr. Mathews does not dispute that the Conway address was his last known address

**[\*5]** at all relevant times.  A taxpayer generally has 90 days from the date of the notice of deficiency to file a petition with this Court.  Sec. 6213(a).

In the collection due process (CDP) context our jurisdiction depends upon the issuance of a valid notice of determination and the filing of a timely petition.  See Rule 330(b); see also Smith v. Commissioner, 124 T.C. 36, 38 (2005).  A notice of determination is valid if it is sent by certified or registered mail to a taxpayer at the taxpayer's last known address.  See Weber v. Commissioner, 122 T.C. 258, 261-262 (2004).  Section 6330(d)(1) sets a 30-day jurisdictional deadline for filing a petition in a CDP case.

II.    Analysis

    A.    Tax Years 2003 through 2006

        1.    Deficiency Jurisdiction

We first conclude that Mr. Mathews' petition was untimely to the extent that it seeks a redetermination of his 2003 through 2006 deficiencies.  The IRS sent the notice of deficiency by certified mail on March 24, 2016, to Mr. Mathews at the Conway address as evidenced by the notice itself and the certified mailing list, which was the same address he has used in all of his correspondence in this case.

**[\*6]** Mr. Mathews did not file his petition in this Court until May 15, 2019, well outside the 90-day time limit established in section 6213(a).

Mr. Mathews responds that the notice of deficiency was sent to the wrong address, alleging that it was sent to Grand Prairie, Texas. Mr. Mathews does not dispute that the notice was addressed to him at the Conway address, nor does he dispute that Form 3877 reflects mailing to the Conway address. Mr. Mathews offers no evidence that contradicts either the notice or the Form 3877, and his unsubstantiated allegation is insufficient to disturb the conclusion that the notice was properly mailed to the Conway address. See Bobbs v. Commissioner, T.C. Memo. 2005-272, 2005 WL 3157919, at \*3.[3]

As Mr. Mathews failed to timely petition this Court, we lack jurisdiction over Mr. Mathews' challenge to the notice of deficiency for tax years 2003 through 2006. See Pietanza v. Commissioner, 92 T.C. 729, 735 (1989), aff'd without

_____

[3]Mr. Mathews also observes that his name was misspelled on the notice of deficiency in that it was addressed to "Richard Matthews" rather than "Richard Mathews" and argues that this error invalidated the notice. We do not believe that this typographical error rises to the level that might call the validity of the notice into question, as the notice was sent to Mr. Mathews' correct address and was also addressed to his wife, with the correct spelling of their last name. Cf. Zentmyer v. Commissioner, T.C. Memo. 2017-197, at \*12 (finding that the taxpayer was a party to the examination despite the misspelling of his name on the Form 4549-A, Income Tax Examination Changes, attached to the notice of deficiency), aff'd, 781 F. App'x 621 (9th Cir. 2019).

[*7] published opinion, 935 F.2d 1282 (3d Cir. 1991); see also Pyo v. Commissioner, 83 T.C. 626, 632 (1984).

      2.     CDP Jurisdiction

Mr. Mathews' pleadings are not entirely clear as to whether he intends to invoke our CDP jurisdiction with respect to his 2003 through 2006 tax years. To the extent that he does, Mr. Mathews bears the burden of proving our jurisdiction by providing the necessary factual basis. See Allen v. Commissioner, T.C. Memo. 2018-24, at *8-*9 (citing La. Naval Stores, Inc. v. Commissioner, 18 B.T.A. 533, 536 (1929), and Consol. Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929)). Mr. Mathews has failed to introduce a notice of determination relating to these years, and respondent reports that IRS records contain no evidence that any such notice of determination was mailed. We conclude that Mr. Mathews has failed to satisfy his burden to prove that we have jurisdiction to consider any CDP claims regarding his 2003 through 2006 tax years.

    B.    Tax Year 2012

Although Mr. Mathews sought to put his 2012 tax year at issue, he has not introduced either a notice of deficiency or a notice of determination for that year. For his part, respondent represents that IRS records show no such notices were issued. We conclude that Mr. Mathews has failed to satisfy his burden of proving

**[*8]** that we have jurisdiction to consider either a deficiency or CDP challenge for tax year 2012. See secs. 6212, 6213(a), 6320, 6330; see also McCullar v. Commissioner, T.C. Memo. 2014-150, at *5.

C.     Mr. Mathews' Remaining Arguments

In his response to the motion to dismiss Mr. Mathews argues that (1) this Court has jurisdiction as evidenced by his previous cases involving his 2007 and 2008 tax years and (2) the IRS' notice of intent to levy for 2003 and reminders of balance due on tax for 2003 through 2006 and 2012 suggest the existence of statutory notices sufficient to confer jurisdiction on this Court.

Mr. Mathews' first argument misperceives the nature of our jurisdiction. "This Court is one of limited jurisdiction. Our jurisdiction applies only to the tax years in controversy." Warden v. Commissioner, T.C. Memo. 1990-321, 1990 Tax Ct. Memo LEXIS 343, at *3-*4, aff'd without published opinion sub nom. Beam v. Commissioner, 956 F.2d 1166 (9th Cir. 1992). To put it another way, our jurisdiction to redetermine a deficiency is tied to the year for which a notice of deficiency has been issued. See id. That we had jurisdiction to consider Mr. Mathews' challenges relating to his 2007 and 2008 tax years is of no moment for determining our jurisdiction over the tax years at issue in this case. See Koerner v. Commissioner, T.C. Memo. 1997-144, 1997 WL 122828, at *3.

**[\*9]**　We are likewise not persuaded by Mr. Mathews' contention that the reminders of balance due and the notice of intent to levy imply the existence of notices of jurisdictional significance.  As an initial matter, most of the reminders of balance due relate to his 2003 through 2006 tax years.  As explained above, Mr. Mathews had the opportunity to challenge his tax liabilities for those years but failed to file a timely petition in this Court.

As pertinent to the sole remaining balance due notice offered by Mr. Mathews for tax year 2012, section 7524 provides that a "taxpayer who has a tax delinquent account" shall receive notice not less often than annually "of the amount of the tax delinquency as of the date of the notice."  The balance due reminder offers no insight into the nature of the delinquency, e.g., whether it stemmed from deficiency proceedings or from failure to pay self-reported tax.  The reminder accordingly does not suggest the existence of a notice of deficiency for tax year 2012.

Nor does the notice of intent to levy relating to Mr. Mathews' 2003 tax year show the existence of a notice of determination.  Before levying against a taxpayer's property, the IRS must first give notice to the taxpayer, which allows a taxpayer to request a CDP hearing (subject to certain conditions).  See sec. 6330(a) and (b).  At the end of the CDP hearing, the IRS' Independent Office of Appeals

[*10] issues a notice of determination, and the taxpayer (again, subject to certain conditions) can seek review in this Court. See sec. 6330(c) and (d). We cannot use the notice of intent to levy as a stand-in for the notice of determination necessary for our jurisdiction.

III.   Conclusion

We conclude that we have no jurisdiction over this matter. Mr. Mathews failed to file a timely petition with respect to the notice of deficiency for tax years 2003 through 2006, and the record lacks any other notices that might confer jurisdiction for the years in question. Accordingly, we will grant respondent's motion to dismiss for lack of jurisdiction for tax years 2003, 2004, 2005, 2006, and 2012.

To reflect the foregoing,

An appropriate order will be issued.